IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:10cr204-MHT |
| ELIGIO MORELOS-AYALA | ) | (WO) |

OPINION AND ORDER

This cause is before the court on the oral motion to continue made by both counsel for the government and counsel for defendant Eligio Morelos-Ayala at a hearing held on Wednesday, March 30, 2011, three business days before the jury selection and trial of this case, set for April 4, 2011.  For the reasons set forth below, the court finds that jury selection and jury selection and trial should be continued generally, pursuant to 18 U.S.C. § 3161(h)(3).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court

is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A). The Act also excludes from the 70-day period any continuance based on "the absence or unavailability of the defendant." Id. § 3161(h)(3)(A). A defendant is considered absent or unavailable "when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or

prosecution or his whereabouts cannot be determined by due diligence." Id. § 3161(h)(3)(B).

At a hearing held on March 24, 2011, and in a petition for revocation of pretrial release filed the same day, the United States Probation office reported as follows:

> "On 3/22/11, at approximately 5:42pm, USPO Zac McBride, District of Utah Probation, received a call from the defendant's son, Jack Morelos, who reported that after he returned to his residence from a weekend trip, he discovered that his father, Eligio Morelos-Ayala, was no longer there. Jack Morelos advised that he has not been able to contact the defendant nor has Mr. Morelos-Ayala contacted him. The defendant's battery on the GPS tracking unit expired and the last fixed location (his reported residence) was in the late night hours of 3/21/11. The defendant's current whereabouts are unknown.
>
> "On 11/30/10, the defendant was enrolled in the Location Monitoring Program. The rules and regulations of the program were explained to him by USPO Hugo de Leon. ... [T]he defendant left his residence without approval and his whereabouts are unknown."

Revocation Petition at 1 (Doc. No. 58). At a later hearing held on March 30, 2011, a United States Marshal testified that the whereabouts of Morelos-Ayala are still unknown and that he is not likely to be found and apprehended in time for jury selection and trial three business days away, on April 4. Defense counsel confirmed that he, too, does not know the whereabouts of Morelos-Ayala.

Based on the above representations and evidence, the court makes the following findings: First, Morelos-Ayala is unavailable for jury selection and trial in that his whereabouts are unknown and cannot be determined by due diligence. It is evident that he is attempting to avoid apprehension and prosecution. Second, and as a result, the ends of justice served by granting a continuance outweigh the interest of the public and Morelos-Ayala in a speedy
trial.

Accordingly, it is ORDERED that:

4

(1) The oral motion to continue made by both counsel for the government and counsel for defendant Eligio Morelos-Ayala at a hearing held on Wednesday, March 30, 2011, is granted.

(2) Defendant Morelos-Ayala's jury selection and trial, now set for April 4, 2011, are continued generally, pending the apprehension of defendant Morelos-Ayala by the United States Marshal Service.

DONE, this the 31st day of March, 2011.

                                         /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE